# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FLOYD EUGENE RAY,                          CV F   06-1898 DLB HC

               Petitioner,          ORDER GRANTING RESPONDENT'S
                              MOTION TO DISMISS AND DIRECTING
     v.                                       CLERK OF COURT TO ENTER JUDGMENT
                              IN FAVOR OF RESPONDENT

JOHN MARSHALL, Warden,                     [Doc. 9]

               Respondent.
_____/

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND[1]

     On September 5, 2002, in the Fresno County Superior Court, a jury convicted Petitioner of second degree murder (Cal. Penal Code § 187(a), count one)[2] and assault on a child causing death (§ 273ab, count two).  (CT 297-298.)[3]  On October 8, 2002, the trial court sentenced Petitioner to a twenty-five-years-to-life prison term in count two, and stayed count one (§ 654). (CT 321.)

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

[3] "CT" refers to the "Clerk's Transcript On Appeal."

1    On or about June 2, 2003, Petitioner filed the opening brief in his appeal to the California

2    Court of Appeal, Fifth Appellate District, case number F041667.  (Lodged Doc. No. 1.)  On

3    August 8, 2003, Respondent filed its brief in response.  (Lodged Doc. No. 2.)  On or about

4    September 2, 2003, Petitioner filed a reply brief.  (Lodged Doc. No. 3.)

5    On February 24, 2004, in an unpublished opinion, the Fifth District Court of Appeal

6    affirmed the judgment in its entirety.  (Lodged Doc. No. 4.)

7    On April 8, 2004, Petitioner filed a petition for review with the California Supreme

8    Court, in case number S123977.  On May 12, 2004, the petition was denied.  (Lodged Doc. No.

9    5.)

10   On July 25, 2005, Petitioner filed a habeas petition with the Fresno County Superior

11   Court, in case number 05CRWR677539.  On August 12, 2005, the court issued its denial.

12   (Lodged Doc. No. 6.)

13   Thereafter, on January 3, 2006, Petitioner filed a petition for writ of habeas corpus with

14   the Fifth District Court of Appeal, case number F049484.  The state appellate court denied the

15   petition on January 12, 2006.  (Lodged Doc. No. 7.)

16   On March 7, 2006, Petitioner filed a habeas corpus petition with the California Supreme

17   Court, case number S141621.  The petition was denied without comment or citation on

18   November 15, 2006.  (Lodged Doc. No. 8.)

19   Petitioner filed the instant petition for writ of habeas corpus on December 29, 2006.

20   Respondent filed the instant motion to dismiss on April 4, 2007.  (Court Doc. 9.)

21   Petitioner filed an opposition on May 21, 2007.  (Court Doc. 16.)  Respondent filed a reply on

22   May 30, 2007, and Petitioner filed sur-reply on June 11, 2007.  (Court Docs. 17, 18.)

23                                   DISCUSSION

24   A.    Procedural Grounds for Motion to Dismiss

25   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

27   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

28   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

                                        2

if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

(E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a

response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.

Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion

to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas

corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the

provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a

federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244,

subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized
by the Supreme Court, if the right has been newly recognized by the Supreme Court and

1   made retroactively applicable to cases on collateral review; or

2        (D) the date on which the factual predicate of the claim or claims
    presented could have been discovered through the exercise of due diligence.

3

4        (2) The time during which a properly filed application for State post-
    conviction or other collateral review with respect to the pertinent judgment or
    claim is pending shall not be counted toward any period of limitation under this

5   subsection.

6       In most cases, the limitation period begins running on the date that the petitioner's direct

7   review became final. Here, Petitioner was convicted on September 5, 2002. The California

8   Supreme Court denied Petitioner's petition for review on May 12, 2004.[4] Thus, direct review

9   became final on August 10, 2004, when the ninety (90) day period for seeking review in the

10  United States Supreme Court expired.[5] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v.

11  Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the

12  period within which one can file a petition for a writ of certiorari in the United States Supreme

13  Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year

14  from August 11, 2004, absent applicable tolling, in which to file his federal petition for writ of

15  habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule

16  6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling

17  applicable to the one year limitations period.) Therefore, the statute was set to expire on August

18  11, 2005. Petitioner did not file the instant petition until December 29, 2006.

19  C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

20       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

21  application for State post-conviction or other collateral review with respect to the pertinent

22  judgment or claim is pending shall not be counted toward" the one year limitation period. 28

23  U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is

24  tolled from the time the first state habeas petition is filed until the California Supreme Court

25

26  _____

27      [4] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision
    of a Court of Appeal becomes final when it is filed.

28      [5] See Sup. Ct. R. 13(1)

                                            4

1   rejects the petitioner's final collateral challenge."[6]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

2   1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

3   Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the

4   limitations period during the time a petitioner is preparing his petition to file at the next appellate

5   level reinforces the need to present all claims to the state courts first and will prevent the

6   premature filing of federal petitions out of concern that the limitation period will end before all

7   claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,

8   will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan

9   v. Walker, 533 U.S. 167 (2001).

10      In the instant case, Petitioner filed his first petition for writ of habeas corpus in the Fresno

11  County Superior Court on July 22, 2005,[1] case number 05CRWR677539.  (See Lodged Doc.

12  Nos. 6 & 9 [legal mail log for Petitioner].)  At that time, 345[2] days had elapsed against the

13  limitations period, with twenty (20) days remaining.  Petitioner is entitled to statutory tolling for

14  the entire period of time the petition was pending before the Fresno County Superior Court, i.e.

15  from July 22, 2005 (date filed) to August 12, 2005 (date denied).  Nino v. Galaza, 183 F.3d at

16  1006.  (See Lodged Doc. No. 6.)

17      Petitioner filed the next petition for writ of habeas corpus in the Fifth District Court of

18  Appeal on January 3, 2006.  The petition was signed and dated December 20, 2005.  (See Lodged

19  Doc. No. 7.)  However, as Respondent submits, Petitioner's legal mail log reflects a date of

20  December 29, 2005.  (Lodged Doc. No. 9.)  As Petitioner presents no evidence to the contrary,

21

22

23      [6] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
24  habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order
    denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
25  Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by
    way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

26      [1] The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000
27  amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions
    with respect to calculating the statute of limitations under the AEDPA.

28      [2] August 11, 2004, through July 22, 2005.

and applying this date, 139[3] days elapsed between the denial of Petitioner's state habeas petition in the superior court and his filing at the state appellate court.  Respondent argues that the 139-day delay between the superior court and appellate court state habeas filings was unreasonable under California law.  The Court agrees.

In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 546 U.S. 189; 126 S.Ct. 846, 852 (2006).  However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination.  Id.  In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., quoting Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, citing Saffold, 536 U.S. at 222-223.

In light of the Supreme Court's reasoning in Evans v. Chavis, this Court must find that Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling for the unexplained and unjustified 139-day delay between the time the Fresno County Superior Court denied Petitioner's state habeas petition and Petitioner filed the Court of Appeal petition.  See Evans, 126 S.Ct. at 854 (finding no bright line rule, but determining six month delay not reasonable); Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D. Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d

---

[3]  August 12, 2005, to December 29, 2005.

1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).  Accordingly, both the second and third petitions were filed after the statute of limitation period expired, and they have no tolling consequence.  <u>Jiminez v. Rice</u>, 276 F.3d at 482.

D.    <u>Equitable Tolling</u>

Petitioner contends that he faced several obstacles in attempting to file his post-conviction collateral state petitions.  Specifically, Petitioner contends that "two forces converged" "(1) his court appointed counsels and (2) the prison system into which he is incarcerated."  (Opposition, at 6.)

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[4]  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), <i>citing</i> <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), <i>cert denied</i>, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Specifically, Petitioner contends that the delay was caused by his pro se status and the onerous task of gathering and preparing documents needed to establish his allegations. Opposition, at 6.  Petitioner's pro se status is not an extraordinary circumstance to warrant equitable tolling.  <u>See</u> <u>Donovan v. Maine</u>, 276 F.3d 87, 94 (1st Cir. 2002) ("The petitioner's assertion that his pro se status somehow entitled him to equitable tolling is wide of the mark. While pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time.") (citation omitted); <i>accord</i> <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264 (5th Cir. 2002).  Accordingly, Petitioner's claim for equitable tolling based solely on his pro se status is without merit.

---

[4] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations.  In <u>Pace</u>, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard.  125 S.Ct. at 1814 n.8.

In addition, Petitioner's lack of legal knowledge and experience is likewise not an extraordinary circumstance to warrant equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171-172 (5th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 391 (5th Cir. 1999); Miller v. Mar, 141 F.3d 976, 978 (10th Cir. 1998). Thus, Petitioner's assertion that he is a layman of the law and needed time to develop his claims, does not amount to a sufficient basis to warrant equitable tolling.

Petitioner next contends that his transfer to a different prison facility justifies equitable tolling as an extraordinary circumstance. Opposition, at 7-8. Petitioner's claim is not persuasive. Although lack of access to legal materials may be a sufficient basis for equitable tolling, such is not the case here.[5] Even assuming Petitioner's allegation is true, Petitioner has not submitted any evidence as to when he was transferred to a different prison, when his legal materials were taken from him, what he did to obtain such legal materials, or when they were returned to him. More importantly, the Court cannot determine when or what amount of time should be equitably tolled. Without such evidence on these issues, Petitioner simply has not met his burden in demonstrating entitlement to equitable tolling for the lack of access to his legal materials. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (finding that conclusory allegations are insufficient to establish equitable tolling). In addition, as Respondent submits, Petitioner did not initially diligently pursue his rights by waiting to file his first state habeas corpus petition in the Fresno County Superior Court until 20 days before the date the statute of limitations was set to expire.

Next, Petitioner contends that he had difficulty obtaining his trial transcripts and his case file from his trial and appellate attorneys. Opposition, at 6-7; see Exhibit M (letters to counsel). Petitioner submits documentary evidence demonstrating that he received his entire file from the Fresno County Public Defender's Officer on or about October 27, 2004. See Opposition, Exhibit

_____

[5] See e.g. Lott v.Mueller,,where the Ninth Circuit concluded that, if established, denying a prisoner access to his legal files during two temporary transfers which lasted eight-day days would "appear to satisfy the 'extraordinary circumstances' requirement for equitable tolling." 304 F.3d 918, 924 (9th Cir. 2002). However, the Ninth Circuit recognized that a "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." Id. at 925 (quoting Vigliotto v. Terry, 873 F.2d 1201, 1202-1203 (9th Cir. 1989) (a three day deprivation does not rise to constitutional proportions). Because Petitioner has failed to satisfy his burden, this case is distinguishable from Lott.

1   M (Public Defender's Letter dated October 27, 2004.)  Petitioner nonetheless waited  until July

2   22, 2005, - almost nine months - to file his first state habeas corpus petition in the Fresno County

3   Superior Court.  Lodged Doc. No. 6.  In determining whether Petitioner is entitled to equitable

4   tolling, the Court must consider whether Petitioner diligently pursued his claims because "[o]ne

5   who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." .

6   See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see also Miles v.

7   Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Petitioner has offered no valid explanation for such

8   a lengthy delay or that such delay was in fact the cause of his untimeliness, and such unexplained

9   delay belies Petitioner's claim of diligence.  (Espinoza-Matthews v. California, 432 F.3d 1021,

10  1026 (9th Cir. 2005) ("whether or not circumstances are beyond a petitioner's control, making

11  timely filing impossible, is a highly fact dependent inquiry and petitioner bears the burden of

12  showing that equitable tolling is appropriate); see also Pace v. DiGuglielmo, 544 U.S. at 418.

13  Accordingly, this Court must conclude that Petitioner is not entitled to equitable tolling.

14      Lastly, Petitioner contends that a correctional officer misplaced his federal habeas petition

15  after he originally submitted it to the officer on November 20, 2006.  Petitioner claims this

16  prompted him to file the instant federal petition on or about December 29, 2006.[6]  Opposition,

17  Exhibit O (Petitioner's handwritten letter dated December 19, 2006).  As Respondent correctly

18  submits, although a claim of prison official misconduct may give rise to a basis for equitable

19  tolling, such alleged misconduct is inconsequential in this case.[7]  At the time Petitioner allegedly

20  submitted the petition to the officer, the petition was already untimely.  As stated above, this is so

21  because when the superior court denied the petition on August 12, 2005, the limitation period

22  began to run against the remaining 20 days, and expired on September 2, 2005.  See infra, section

23  C.  Simply stated, by waiting until January 3, 2006, to file his petition in the state appellate court,

24  he added over four months to the statute of limitations.

25      [6]  The Court acknowledges, as do both Petitioner and Respondent, that the instant federal petition was dated
26  October 16, 2006.  In his opposition, Petitioner acknowledges that the date is incorrect, in that the California
    Supreme Court had not yet even issued its denial of the petition until November 15, 2006.  (Opposition, at 8-9.)
27  Nonetheless, Petitioner asserts his claim that prison official mishandled his petition in November, 2006.

28      [7]  See e.g., Stillman v. LaMarque, 319 F.3d 1199, 1201-02 (9th Cir. 2003); Miles v. Prunty, 187 F.3d at
    1107.

E.     Evidentiary Hearing

Petitioner requests an evidentiary hearing on the issue of equitable tolling.  Petitioner's request must be denied because his claims can be resolved on the existing record, which obviates the need for an evidentiary hearing.  Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998).  The documents submitted by both Petitioner and Respondent belie Petitioner's claim that he was diligently pursuing his rights.  As outlined above, Petitioner waited until he had 20 days left to file his state habeas petition in the superior court, then waited another four months after it was denied to file in the state appellate court.  However, at that time, the limitations to file his federal habeas corpus petition had expired.  Accordingly, no evidentiary hearing is necessary to resolve the timeliness of the instant petition.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.   Respondent's motion to dismiss the instant petition be GRANTED; and

2.   The instant petition for writ of habeas corpus is DISMISSED, with prejudice as barred by § 28 U.S.C. 2244(d)(1) & (2).

IT IS SO ORDERED.

**Dated:**   **October 22, 2007**              **/s/ Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE